UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN L. WALKER,

        Plaintiff,

v.                                          Case No. 1:13-CV-349

SHAWN BREWER,                    HON. GORDON J. QUIST

        Defendant.
_____/

## MEMORANDUM ORDER ADOPTING IN PART AND
## REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff, Melvin L. Walker, has filed Objections to Magistrate Judge Brenneman's February 24, 2014 Report and Recommendation (R & R) recommending that the Court grant Defendant's motion for summary judgment. Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, alleges that Defendant retaliated against Plaintiff for engaging in conduct protected by the First Amendment.

The magistrate judge concluded that Defendant is entitled to summary judgment on two independent grounds. First, the magistrate judge concluded that neither of the alleged retaliatory acts—termination of Plaintiff's work assignment and transfer to another facility—constitute adverse actions for purposes of a First Amendment retaliation claim. (R & R at 9–10.) In addition, the magistrate judge concluded that Plaintiff failed to demonstrate the requisite causal connection between the protected conduct and the adverse action. (R & R at 11–15.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

A First Amendment retaliation claim requires proof of three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

I.  **Protected Conduct**

The magistrate judge did not address the protected conduct element of Plaintiff's claim. However, Plaintiff has presented sufficient evidence to establish this element.

Plaintiff alleges that Defendant retaliated against him on September 7, 2011 by "falsifying a [form] 363 work evaluation, [and] terminating Plaintiff from his work assignment," (Compl. ¶ 10, dkt. # 1 at Page ID 8), and on December 16, 2011, by threatening to send Plaintiff "across the mackinaw bridge," and by actually initiating the transfer on December 20, 2011. (*Id.* ¶¶ 15, 16, dkt. # 1 at Page ID 8–9.)

Filing a grievance is conduct protected by the First Amendment. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Although Plaintiff had not filed a grievance at the time of the alleged retaliatory acts on September 7, 2011, Plaintiff states that during a meeting with Defendant on September 6, 2011, Plaintiff informed Defendant that Plaintiff would file a grievance against Defendant if Defendant continued to harass Plaintiff about information that Plaintiff did not have. (Walker Aff. ¶ 7, Dkt. # 13-2 at Page ID 111.) The Sixth Circuit has held that a prisoner's threat to file a legitimate grievance can constitute protected conduct. *See Pasley v. Conerly*, 345 F. App'x

981, 984–85 (6th Cir. 2009). Plaintiff's allegation that he threatened Defendant with a grievance on September 6, 2011 suffices to establish protected conduct. As to the alleged retaliatory transfer on December 20, 2011, it is undisputed that Plaintiff filed a grievance on October 18, 2011, prior to the alleged retaliatory transfer.

## II. Adverse Action

As noted above, the standard for determining whether particular conduct constitutes adverse action is "whether it is capable of deterring a person of ordinary firmness from exercising his or her [First Amendment rights]." *Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) (citing *Thaddeus-X*, 175 F.3d at 398). In *Smith*, the court explained that "the definition of adverse action is not static across contexts," because "[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Id.* While this standard excludes de minimis or inconsequential actions, it is not limited to "egregious retaliatory acts." *Id.*

In concluding that the termination of Plaintiff's prison job was not an adverse action for purposes of a retaliation claim, the magistrate judge cited cases holding that, for due process purposes, prisoners have neither a constitutional right to prison employment nor a constitutionally-protected interest in a particular prison job. *See, e.g.*, *Newsome v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). Similarly, the magistrate judge noted that for purposes of the Eighth Amendment, prison work assignments are considered to be a condition of confinement. *See, e.g.*, *Jones v. Michigan*, 698 F. Supp. 2d 905, 915 (E. D. Mich. 2010). In *Hill v. Lappin*, 630 F.3d 468 (2010), the district court, employing a similar analysis to determine whether certain conduct constituted adverse action, noted that prisoners do not have a constitutional right to avoid a transfer from one prison to another or to remain free from security classifications that would place them in higher security settings. The

Sixth Circuit found the analysis "misdirected" because "its premise–that a prisoner does not have an inherent constitutional right to avoid segregated housing or prison transfers–is too narrow." *Id.* at 473. In other words, the court explained, "[e]ven though a prisoner has no inherent constitutional right to avoid segregated housing or prison transfers, the [Bureau of Prisons] may not place the prisoner in segregated housing or transfer him to another prison as a means of retaliating against him for exercising his First Amendment rights." *Id.*

None of the cases the magistrate judge cited held that, in the context of a retaliation claim, termination of prison employment cannot constitute an adverse action.[1] However, some unreported Sixth Circuit opinions suggest that termination of prison employment may constitute adverse action. In *Pasley v. Conerly*, 345 F. App'x 981 (6th Cir. 2009), the court observed that a threat to have the plaintiff "moved out of the unit so that he would lose his job" was "'capable of deterring a person of ordinary firmness' from exercising protected rights, the standard for adverse action." *Id.* at 985 (quoting *Thaddeus-X*, 175 F.3d at 398). Finally, in *Dobbins v. Craycraft*, 423 F. App'x 550 (6th Cir. 2011), the plaintiff alleged due process and retaliation claims based on the loss of his prison job. The court held that the plaintiff failed to state a due process claim, but allowed the retaliation claim to go forward. *See id.* at 553. In this case, Plaintiff alleges that Defendant's false allegation of criminal conduct caused Plaintiff to be terminated from his high-paying job, leaving Plaintiff without any means to receive income. The Court concludes that such action is not simply "de minimis," but instead would be capable of deterring a person of ordinary firmness from exercising his First Amendment rights.

---

[1] The magistrate judge cited *Jewell v. Leroux*, 20 F. App'x 375 (6th Cir. 2001), as holding that the defendant's termination of the plaintiff's work assignment was not an adverse action for purposes of establishing a retaliation claim. However, the court in *Jewell* did not consider the removal of the plaintiff from his prison job as part of the retaliation claim. Rather, the prison job allegation was a separate claim that the defendants improperly removed him from his job. The only adverse action considered as part of the retaliation claim was the transfer to another prison facility. *See id.* at 377.

Plaintiff also objects that the magistrate judge failed to consider Plaintiff's allegation that Defendant falsified the form 363 work evaluation. Plaintiff alleges that the report falsely accused him of engaging in criminal activity through his job, but Plaintiff was never given a misconduct ticket or a hearing on the allegation that he was complicit in drug smuggling. The Court concludes that such conduct suffices to constitute adverse action. *See Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (noting that false disciplinary reports were an adverse action for purposes of a retaliation claim).

The Court concurs with the magistrate judge that the transfer to another facility was not an adverse action. In numerous unreported cases, the Sixth Circuit has concluded that a transfer from one prison facility to another generally does not constitute an adverse action. *See, e.g.*, *Hermansen v. Ky. Dep't of Corr.*, No. 13-6159, 2014 WL 715706 (6th Cir. Feb. 26, 2014) (per curiam) (noting that normally, a transfer to another prison facility "would not qualify as an adverse action"); *Smith*, 78 F. App'x at 543 (collecting cases). Although the Sixth Circuit has recognized that, in limited circumstances, a transfer can be an adverse action if it results in foreseeable, negative consequences to the particular prisoner, *see Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), Plaintiff does not allege that the transfer produced negative consequences.

## III.   Causal Connection

The magistrate judge concluded that Plaintiff fails to show the requisite causal connection between Plaintiff's protected conduct and Plaintiff's termination from his job because the Classification Director, not Defendant, had the final authority for removing Plaintiff from his job. Even so, Plaintiff alleges that Defendant's false allegation of criminal activity in the form 363 work evaluation not only constitutes a separate adverse action, but ultimately led to the termination of Plaintiff's job. While Defendant may not have been the final decisionmaker, Plaintiff's allegations

5

indicate that Defendant not only directly influenced, but actually caused the termination. Under these circumstances, the Court concludes that an issue of fact remains for the jury. *Cf. Staub v. Proctor Hosp.*, __ U.S. __, 131 S. Ct. 1186, 1194 (2011) (holding that when a non-decisionmaker performs an act motivated by discriminatory animus that is intended to cause, and does proximately cause, an adverse employment action, the employer has "cat's paw" liability); *Ercegovich v. Goodear Tire & Rubber Co.*, 154 F.3d 344, 354 (6th Cir. 1998) (stating that "the [decisionmaker] rule was never intended to apply formalistically, and . . . remarks by those who did not independently have the authority or did not directly exercise their authority to fire the plaintiff, but who nevertheless played a meaningful role in the decision to terminate the plaintiff, [are] relevant" to the issue of discrimination).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 24, 2014 (dkt. # 24 ) is **ADOPTED IN PART AND REJECTED IN PART**. The Report and Recommendation is **adopted** with regard to the recommendation that Plaintiff's transfer to a different facility was not an adverse action, but **denied** in all other respects.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (dkt. # 9) is **DENIED**.

Dated: March 20, 2014            /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE